The opinion of the Court was delivered by
O’Neall, J.
The Circuit Court permitted parol evidence to be given, to show, that the provision in the will for the widow of the testator, was intended to be in lieu and in bar of dower, and the question first necessary to be decided, is, whether that evidence was admissible ?
The general rule seems to be very clear “ that parol evidence is not admissible to show the intention of the testator against the construction upon the face of the will.” Cambridge vs. Rous, 8 Ves. 22. The intention of the testator is to be collected from the whole will, and the words which he has used. It may be that in some cases, it is necessary to *410 look out of tbe will, and take tbe words used in reference to bis situation or property, to obtain tbeir true meaning. But beyond tbis, construction cannot be aided by parol.
In Lawrence vs. Dodwell, 1 Lord Raymond, 438, tbe plea was that tbe testator devised his land in A. to bis widow for life, and that she bad entered upon it: and it was averred that it was devised to her in satisfaction of dower : judgment was given for tbe demandant, “ because the averment being of matter out of tbe will, and not contained in it, ought not to be allowed.”
If the averment of tbe fact in tbe plea was bad, it follows that evidence to prove it must be necessarily inadmissible.
In Ambler and wife vs. Norton, 4 Henning & Munford, 23, it was held that any estate conveyed by deed or will for a wife’s jointure in lieu of dower, though not so expressed, may be averred to have been so intended, and parol or other evidence dehors the deed or will is admissible, as to the relative situation of the parties, and circumstances of the testator, from which such intention may be inferred. That decision, however, was predicated upon the Act of the Legislature of Virginia, wherein it is enacted, “That if any estate be conveyed by deed or will, either expressly or by averment, for the jointure of the wife in lieu of dower, to take effect, and continue as in the Act is expressed, such conveyance shall bar her dower,” &c. It would be a sufficient answer to the authority of this case to say, that we have no such statutory regulation in this State. But on looking into the case, it will be seen that Judge Tucker maintains, and I think most successfully, that a mere devise of lands, slaves, and money, cannot be averred, even under the statute of Virginia, to be a satisfaction of the widow’s dower, for the reason that no evidence out of the will can be admitted to shew that it was so intended. Judges Roane and Fleming admit the English rule to be as stated by Judge Tucker, and rest their decision upon the construction of the Act of Virginia, and therefore sustained the *411 plea which averred the devise to have been in satisfaction of the demandant’s dower. That case, however, would not sustain the admissibility of the evidence in this case; it only goes to establish the rule that parol evidence dehors the deed or will is admissible, as to the relative situation of the parties, and circumstances of the testator; and to this extent I should be willing to admit the soundness of the rule. As an illustration of my view of it, I put the following case : if a testator owns but one tract of land, and he devises to his wife an estate for life, in one-half of it, and she claims her dower in the other half, then I apprehend .that it might be shown by parol that he owned no other land, and that consequently the estate devised to her, being out of the very land of which she was dowable, and more than her dower, was a satisfaction. The evidence in this case was of conversations between the testator and his wife at the time the will was prepared, and were clearly inadmissible as “ parol discourses out of the will, which are of no signification,” “for it must be entirely in writing.”
We concur in opinion with the presiding Judge upon the next question, that upon a construction of the will itself, the bequest to the widow is not in lieu of her dower; there is nothing in the will which declares it to be in lieu and in bar of her dower; and unless it had been so expressed, or was necessarily to be implied from the nature of the estate devised, or the situation of the parties, we cannot hold that she is barred. Couch vs. Stratton, 4 Ves. 391.
The motion for a new trial is granted.
JOHNSON and Harper, JJ., concurred.

Motion granted.